2003 UT App 60

STATE of Utah, Plaintiff and Appellee,

v.

Jose R. VALDEZ, Defendant and Appellant.

No. 20010146–CA.

Court of Appeals of Utah.

Feb. 27, 2003.

Michael L. Humiston, Heber City, for Appellant.

Mark L. Shurtleff and Joanne C. Slotnik, Asst. Attys. Gen., Salt Lake City, for Appellee.

Before JACKSON, P.J., BILLINGS, Associate P.J., and BENCH, J.

MEMORANDUM DECISION

PER CURIAM:

¶1 Appellant Jose R. Valdez appeals his conviction of Driving Under the Influence of Alcohol, a class A misdemeanor.[1]

¶2 Valdez unsuccessfully moved to dismiss the case for lack of state court jurisdiction, claiming both that the alleged offense occurred in Indian country and that Valdez was Indian. The district court denied the motion based upon its conclusion that Valdez is not Indian. Valdez appealed his conviction, raising the jurisdictional issue and other claims of error. After Valdez filed his opening brief, the State filed a motion to dismiss the appeal for lack of jurisdiction because the record established that the offense occurred in Indian country and the victim was Indian. Valdez opposed the motion on the procedural ground that the State sought dismissal of the appeal, but it did not concede that the conviction should be summarily reversed.

¶3 The State now candidly concedes that its motion did not clearly articulate the requested remedy resulting from its concession that the district court lacked jurisdiction. Accordingly, the State clarifies that "the district court's lack of jurisdiction should result in reversal of defendant's conviction and dismissal of the case." The State, therefore, "renews its concession that the district court lacked jurisdiction because the victim who was injured as a direct result of defendant's criminal conduct [is] clearly an Indian for jurisdictional purposes."

¶4 It is well-settled that subject matter jurisdiction may be raised at any time, by either party or the court. See State v. Perank, 858 P.2d 927, 930 (Utah 1992). The State has identified the jurisdictional issue, not raised in district court, that Valdez's spouse is an Indian victim of a crime committed in Indian country. Valdez's spouse testified that she is an enrolled member of the federally-recognized Ute Tribe. The State correctly concedes that state jurisdiction over crimes committed in Indian country is limited to criminal acts committed "by non-Indians against non-Indians ... and victimless crimes by non-Indians." Solem v. Bartlett, 465 U.S. 463, 465 n. 2, 104 S.Ct. 1161, 1163 n. 2, 79 L.Ed.2d 443 (1984). The State's concession is dispositive and makes it unnecessary to reach the other assignments of error.

¶5 Accordingly, we reverse the district court's judgment because it lacked jurisdiction over the case, and we remand for dismissal of the case.

---

1. The crime was charged as a class A misdemeanor because Defendant "inflicted bodily injury upon another as a proximate result" of driving under the influence. Utah Code Ann. § 41–6–44(3)(a)(ii)(A) (1998).